# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| Craig L. Campbell and Kim Ann ) | Bankruptcy No. 10 B 50562 |
| Webster-Campbell, ) | Chapter 7 |
| ) | |
| Debtors. ) | Judge Donald R. Cassling |
| ) | Geneva |

## NOTICE OF MOTION

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that on **December 12, 2014,** at the hour of **10:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Donald R. Cassling or before any other judge sitting in his place and stead in Courtroom 240 of the Kane County Courthouse, 100 South Third Street, Geneva, Illinois, and shall then and there present the attached **Second and Final Application of InnovaLaw, P.C. for Allowance of Compensation and Reimbursement of Expenses as Counsel for Initial Trustee David E. Grochocinski**, a copy of which is hereby served upon you.

>Kathleen M. McGuire
>InnovaLaw, P.C.
>15020 S. Ravinia Ave., Suite 29
>Orland Park IL  60462
>Tel. (708) 675-1975
>Fax:  (708) 675-1786

## CERTIFICATE OF SERVICE

I, Kathleen M. McGuire, an attorney, certify that I caused a copy of the foregoing Notice and Motion to be served on the parties listed on the attached service list by electronic notice through the CM/ECF filing system, or by first class mail by depositing same with the United States Postal Service, Orland Park, Illinois, postage prepaid, prior to 5:00 P.M., this 18th day of November, 2014.

>/s/ Kathleen M. McGuire

**In re Campbell, 10 B 50562**
**Service List**

Craig and Kim Campbell: 1126 Wilkin Road, Danville, IL   61832
Ronald Barliant: (via cm/ecf) ronald.barliant@goldbergkohn.com
John M. Brom: (via cm/ecf) jbrom@querrey.com
Bank of America, N.A.: (via cm/ecf) jgrenard@mayerbrown.com
Bayview Loan Serv.: (via cm/ecf) shellyhood@hsbattys.com; heathergiannino@hsbattys.com
CENLAR Mortgage Servicing: cbrown@atty-pierce.com; dobrien@atty-pierce.com
FDIC as Receiver for Elizabeth State Bank, First State Bank of Winchester,
    John Warner Bank, Legacy Bank, Peotone Bank and Trust and Rock River
    Bank: (via cm/ecf) sfo@quarles.com
FDIC as Receiver for Founders Bank, First National Bank of Danville, Elizabeth State
    Bank, First State Bank of Winchester, John Warner Bank, Legacy Bank, Peotone Bank
    and Trust, and Rock River Bank: (via cm/ecf): cmuzzo@furnierlaw.com
First National Bank of Grant Park: (via cm/ecf) bbrown@bablegal.com
Heartland Bank and Trust Company: (via cm/ecf) thoward@howardandhoward.com
LincolnWay Community Bank: (via cm/ecf) dcg@h2law.com; dcgiese@hotmail.com
Office of the United States Trustee: (via cm/ecf) USTPRegion11.ES.ECF@usdoj.gov
Midland Bank: (via cm/ecf) tylermertes@troutmansanders.com
Prospect Bank: (via cm/ecf) jennifersimutis@earthlink.net
First Security Bank of Arkansas: sjakubowski@rsplaw.com
Joseph Voiland: jrvoiland@sbcglobal.net


<u>Via U.S. Mail</u>

Craig L. Campbell
Kim Ann Webster-Campbell
1126 Wilkin Road
Danville, IL   61832

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| Craig L. Campbell and Kim Ann | ) | Bankruptcy No. 10 B 50562 |
| Webster-Campbell, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Judge Donald R. Cassling |
| | ) | Geneva |

**COVER SHEET FOR SECOND AND FINAL APPLICATION FOR
ALLOWANCE OF PROFESSIONAL COMPENSATION**

Name of Applicant:        InnovaLaw, P.C.

Authorized to Provide
Professional Services to:    David E. Grochocinski, as initial trustee for the chapter 7 estates of Craig L. Campbell and Kim Ann Webster-Campbell

Date of Order
Authorizing Employment:    December 3, 2010

Period for Which
Compensation Is Sought:    August 3, 2012 through November 18, 2014

Amount of Fees Sought:    $79,364.50

Amount of Expense
Reimbursement Sought:    $311.50

This is an        Interim Application ____        Final Application __X__

If this is not the first application filed herein by this professional, disclose all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| 8/2/2012 | 1/14/11 - 8/2/2012 | $148,941.45 | $148,941.45 | $148,941.45 |

Date: November 18, 2014                              By: __/s/ Kathleen M. McGuire

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| Craig L. Campbell and Kim Ann ) | Bankruptcy No. 10 B 50562 |
| Webster-Campbell, ) | Chapter 7 |
| ) | |
| Debtors. ) | Judge Donald R. Cassling |
| ) | Geneva |

### SECOND AND FINAL APPLICATION OF INNOVALAW, P.C. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR INITIAL TRUSTEE DAVID E. GROCHOCINSKI

Now comes Kathleen M. McGuire and InnovaLaw, P.C. (collectively, the "Applicant"), counsel for David E. Grochocinski, the initial chapter 7 trustee (the "Initial Trustee") of the bankruptcy estates (collectively, the "Estate") of Debtors Craig L. Campbell and Kim Ann Webster-Campbell, and pursuant to 11 U.S.C. §§ 330 and Fed. R. Bankr. P. 2016, submits this Second and Final Application for Allowance of Compensation and Reimbursement of Expenses (the "Application") for professional services rendered as attorneys to the Initial Trustee.

### Background

1. On November 11, 2010, the Debtors filed a joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code. David E. Grochocinski was appointed case trustee (the "Initial Trustee") and served as trustee until his resignation on April 16, 2014.

2. On December 3, 2010, the Court entered an order authorizing the retention of Grochocinski, Grochocinski & Lloyd, Ltd. and its attorneys (collectively, "GGL") as attorneys for the Initial Trustee.

3. Since June 2012, Innova has employed the GGL attorneys retained to represent the Initial Trustee.

4. On April 16, 2014, the Initial Trustee resigned, and the case was reassigned to a

successor trustee (the "Successor Trustee").

5. Applicant has expended significant time and resources in rendering legal services to the Initial Trustee, both in this bankruptcy case and in the adversary proceeding *Grochocinski v. Campbell,* 11 A 1897.

6. This is Applicant's second and final request for compensation as attorneys for the Initial Trustee.

## Services Rendered and Amount Requested

7. Between August 3, 2012 and November 18, 2014 (the "Application Period"),[1] Applicant expended 216.70 hours of time in providing the following services to the Interim Trustee. Applicant requests total compensation of $79,364.50 for its services at its customary billing rates as follows:

| Attorney or Paralegal | Hours | Total |
| --- | --- | --- |
| Kathleen M. McGuire (KMM) | 206.2 | $79,049.50 |
| David E. Grochocinski (DEG) | .5 | $225.00 |
| Kristine Hubert (KH) | 1.2 | $90.00 |
| Time entries not charged on application | 8.8 | $0.00 |
| Total: | 216.7 | $79,364.50 |

8. The legal services provided by Applicant are divided into the following categories:

(i). General Administration: Applicant expended 22.9 hours in connection with the administration of the estate. Work in this category included the preparation and presentation of motions to employ and compensate special counsel and an auctioneer, and charges for 2.0 hours of work on this fee petition. This category includes time spent on a response to a motion to modify the stay by Banterra Bank and factual investigation of the question whether there was equity for Craig Campbell's estate's interest in a Senior Housing Crime Prevention Foundation promissory note that came due in 2013. The investigation of this matter included numerous discussions with the Lyle Campbell bankruptcy trustee in Phoenix, Arizona and review of filings in the Lyle Campbell

---

[1] Certain time charges on a new billing system were not included in Applicant's first interim fee application. Although included in the time detail in Exhibit A hereto, Applicant is not seeking payment of those charges on this second fee application.

bankruptcy case, No. 11-BK-27940.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| KMM | 23.3 | $385.00 | $8,970.50 |
| DEG | .5 | $450.00 | $225.00 |
| KH | 1.2 | $75.00 | $90.00 |
| Total: | 25.0 | | $9,285.50 |

(ii). <u>Adversary Proceedings</u>: Applicant expended 126.5 hours in connection with work done in *Grochocinski v. Campbell,* No. 11 A 1897 (the "Denial of Discharge Adversary"), and in *Grochocinski v. Midland States Bank et al,* No. 12 A 1323 (the "Lien Determination Adversary").

Work in the Denial of Discharge Adversary included the drafting of a second amended complaint and responding to a third motion to dismiss the adversary proceeding as well as a motion for sanctions. Applicant also responded to and propounded discovery requests. Ultimately, the matter was mediated and a settlement was reached that brought $100,000.00 into the Estate.

The Lien Determination Adversary was a proceeding to determine the relative priorities of liens on the Debtors' home asserted by six banking institutions. In the course of the Lien Determination Adversary, Applicant brought several motions for default, but ultimately entered into stipulations with all the defendants. Resolution of the Lien Determination Adversary enabled the Estate to sell the Debtors' home, with a carve-out for unsecured creditors by the senior lienholder.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| KMM | 126.5 | $385.00 | $48,702.50 |

(iii) <u>Disposition of Property</u>: Applicant expended 34.4 hours in work in this category. Applicant drafted and presented motions approving sales of the Debtors' home and a pontoon boat and trailer. Applicant also drafted transaction documents and a motion for approval of a transaction that sold the Estate's rights to Craig Campbell's membership interest in Butler National Golf Club. In addition, Applicant drafted and presented motions to abandon the Estate's membership interests in a series of limited liability companies and to abandon certain preferred term securities.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| KMM | 34.4 | $385.00 | $12,906.50 |

(iv). <u>FDIC Settlement</u>: Applicant expended 14.9 hours in discussions with the Federal Deposit Insurance Corporation ("FDIC") and review of a settlement that, among its terms, provided for the withdrawal of two proofs of claim totaling approximately $19,000,000.00 that the FDIC had filed in its capacity as receiver of Elizabeth State Bank and First State Bank of Winchester.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| KMM | 14.9 | $385.00 | $5,736.50 |

(v). <u>Assist Creditors</u>: Applicant expended 6.3 in responding to creditor inquiries and in furnishing information requested by creditors. A number of those discussions concerned the abandonment of preferred term securities that had provided collateral for pre-petition loans to the Debtors. Applicant also provided information concerning the assets and liabilities of a group of

limited liability companies when membership interests in those entities were abandoned by the Estate.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| KMM | 6.3 | $385.00 | $2,425.50 |

(vi).  Claims Matters:  During the Application Period, Applicant expended .8 hours in reviewing proofs of claim filed in the case.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| KMM | .8 | $385.00 | $308.00 |

9.  A detailed summary of Applicant's services during the Application Period and related charges for those services is attached hereto as Exhibit A.

10.  All fees for which allowance is sought were incurred in connection with Applicant's representation of the Initial Trustee and were reasonable and necessary to effectively assist the Initial Trustee in the administration of the Debtor's estate.

11.  Expenses.  Attached to this application as Exhibit B is an itemized statement of the actual and necessary expenses incurred by Applicant during the Application Period, and for which reimbursement is sought.  Those expenses, which total $311.50, were actually and necessarily incurred in order to assist the Initial Trustee in his administration of the Estate.

12.  Applicant seeks allowance of its fees and expenses as a chapter 7 administrative expense under 11 U.S.C. § 503(b), payable as funds are available to do so in the discretion of the Successor Trustee.

**Other Disclosures under Fed. R. Bankr. P. 2016**

13.  At all times during Applicant's representation of the Trustee, Applicant was a disinterested person and neither represented nor held an interest adverse to the estate with respect to the matters on which Applicant was employed.

14.  No agreement or understanding exists between Applicant and any other entity for

the sharing of compensation received or to be received for services rendered in or in connection with the case, other than compensation that has been or will be approved by the Court upon the applications of other professionals employed to represent the Initial Trustee in this case.

### InnovaLaw, P.C. Biographical Information

The majority of the services rendered in this case were by Kathleen M. McGuire, who graduated with honors from IIT Chicago-Kent College of Law in 1988, and has practiced exclusively in the fields of bankruptcy and federal civil litigation since that time. Ms. McGuire is admitted to practice in the State of Illinois and the United States District Courts for the Northern and Central Districts of Illinois, as well as the Trial Bar of the Northern District of Illinois. Between 1988 and 2004, Ms. McGuire served as a law clerk to a number of judges in the Bankruptcy Court and District Court. In private practice, she has represented chapter 7 trustees, debtors and creditors in a wide variety of matters in the Bankruptcy Court and in appeals to the District Court. Before receiving her law degree, Ms. McGuire practiced as a certified public accountant.

David E. Grochocinski was appointed to the private panel of bankruptcy trustees for the Northern District of Illinois in 1984, and he served in that capacity until his resignation in April 2014. Besides serving as a panel trustee, Mr. Grochocinski had extensive experience in representing other trustees, debtors and creditors in consumer and commercial bankruptcies, and in non–bankruptcy workouts. Mr. Grochocinski graduated with honors from John Marshall Law School in 1976, and he was admitted to practice in the State of Illinois and the United States District Court for the Northern District of Illinois. Mr. Grochocinski was also a member of the Northern District of Illinois Trial Bar.

Kristine Hubert is a paralegal with Innova. Ms. Hubert holds a degree in paralegal studies and has substantial training and experience in bankruptcy matters.

**Conclusion**

Kathleen M. McGuire and InnovaLaw, P.C. request that the Court enter an order allowing a final award of professional compensation in the amount of $79,364.50 and reimbursement of expenses of $311.50, payable as an administrative expense under 11 U.S.C. § 503(b) as funds are available to do so in the discretion of the Successor Trustee.

            Respectfully submitted,
            InnovaLaw, P.C.

            By: /s/ Kathleen M. McGuire
                  One of the attorneys for Initial Trustee
                  David E. Grochocinski

Kathleen M. McGuire
InnovaLaw, P.C.
15020 S. Ravinia Ave., Suite 29
Orland Park, IL  60462
Tel: (708) 675-1975
Fax: (708) 675-1786